IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 2 9 2011

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

LANEY HARRIS                                              PLAINTIFF

VS.                                   CIVIL ACTION NO. 11-4124
                                      REF: CASE NO. 92-4001

THE CITY OF TEXARKANA, ARKANSAS A PUBLIC BODY CORPORATE,
N. WAYNE SMITH, MAYOR OF THE CITY OF TEXARKANA, ARKANSAS;
N. WAYNE SMITH MEMBER OF THE CITY OF TEXARKANA, ARKANSAS
BOARD OF DIRECTORS, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITIES;
LONDELL WILLIAMS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
MEMBER OF THE CITY OF TEXARKANA, ARKANSAS OF DIRECTOR; CHAD
DOWD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MEMBER OF
THE CITY OF TEXARKANA, ARKANSAS BOARD OF DIRECTOR; JAMES
MIKE JONES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MEMBER
OF THE CITY OF TEXARKANA, ARKANSAS BOARD OF DIRECTOR; SUE
JOHNSON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS MEMBER
OF THE CITY OF TEXARKANA ARKANSAS BOARD OF DIRECTOR, THE
MILLER COUNTY ELECTION COMMISSION; CLINTON S. THOMAS, RICHARD V.
HALL JR., ELIZABETH J. HICKS
                                                         DEFENDANTS

AMENDED COMPLAINT

TO THE HONORABLES UNITED STATES DISTRICT COURT JUDGE

I. INTRODUCTION

1.  The plaintiff is an individual registered voter that seeks on behalf of him selves and his members, declaratory and injunctive relief to enforce the First & Fourteenth Amendment to the United States Constitution and the Voting Rights Act of 1965 as amends.

2. The plaintiff seeks a declaratory judgment that the current City of Texarkana, Arkansas redistricting plan is gerrymandering. Plaintiff further seek a declaratory judgment that the current City of Texarkana Arkansas redistricting plans violate his civil rights because the plans unlawfully dilute the voting strength of African American (black). Plaintiff seek a permanent injunction prohibiting the calling, holding supervising or certifying of any future Texarkana Board of City Director elections under the current redistricting plans. Plaintiff seek the creation of the City of Texarkana Arkansas Wards redistricting plans that are equally apportioned of minority (African American) for the marjorty minority wards under the six (6) - one (1) plan and or eight (8) - one (1) plan that will not cancel out, minimize or dilute the voting strength of African American (black) and used customary redistricting principles. Plaintiff seeks costs.

## II. JURISDICTIONS

3. Jurisdiction is pursuant to 28 U.S.C. Section 1331, 1343 and 42 U.S.C. 1973 as amended. Jurisdiction for Plaintiff claim for declaratory relief is base upon 28 U.S.C. 2201 and 2202. Jurisdiction for the Plaintiff's claim under the First and Fourteen Amendment to the U.S. Constitution is based upon 42 U.S.C Section 1983 and 28 U.S.C. 1331.

4. This Court has origin subject matter jurisdiction due to the matter filed as related Case No. 92-4001 filed on January 2, 1991. However, Mr. Londell Williams, one of the four plaintiffs, in the related Case No. 92-4001 is now a defendant in this cause.

## III. VENUE

5. Venue is pursuant to 28 U.S.C. Section 1391.

## IV. PARTIES

6. The plaintiff (pro se) lived in Miller County, City of Texarkana, Arkansas. Also the Plaintiff in this cause is a member of the City of Texarkana, Arkansas, Board of Directors and has serve on the Board from 1997 to 2004 and 2008 to present.

7. Defendants are the City of Texarkana, Arkansas, is a municipal Public Body Corporation organized and existing under Arkansas law and is a political subdivision of the State of Arkansas and members of the City of Texarkana, Arkansas, Board of Directors; The Miller County, Arkansas Election Commission the member of the board of directors of the City of Texarkana is sued in their individual and official capacities. The members of the Miller County, Arkansas, Election Commission are sued in their official capacities only.

## V. HISTORY

8. The plaintiff has a history of taken some what of a "watch dog" approach for social concerns, civil rights and constitution rights, an issue that come before the Texarkana Board of City Director and is out spoken even when that a city ordinance or action of city employee's appear to violate these rights, not only for the citizen in the Ward 2, he represents, even the entire city. He previously on October 17, 2011 question how can the City over spend about two million dollar (2,000,000) over budget (2010) without the action comes back before the Board for approval.

9. The City of Texarkana operates under a city management form of city government under Arkansas Code of Ann. Title 14 - Local Government, Subtitle 3- Municipal Government, and Chapter 47- City Manager Form of Municipal Government 14-47-101 to 14-47-140. and Chapter 61- City Manager Enabling Act of 1989, 14-61-101 to 14-61-120. With an seven (7) member board of directors. Six (6)

members are elected from wards by plurality vote the mayoral position is the only board member is elected at large also by plurality vote. Each board member has an equal vote on the board.

10. However decision order No. 93-1713, 861 F Supp. 756(1992) this District Court approve 7-0 wards boundaries and the United States Court of Appeal, Eighth Circuit affirm the decision (32 F.3d 1265) for the City of Texarkana, Arkansas to utilized 7-0 wards boundaries.

> The decision (32 F.3d 1265) of United States Court of Appeals, Eighth Circuit left the door open for further litigation [ We recognize that if we do not address the legality of the 6-1 plan adopted by the voters, further litigation is possible. The possibility of future litigation, however, is not a sufficient basic for us to decide an issue that the district court did not consider. Moreover, even if we were inclined to address the issue, we doubt that base upon the record before us we have enough information about the 6-1 plan to decide whether it violates the Act, Accordingly, we leave the question of the validity of the 6-1 plan for determination by the district court, should a challenge be mounted to that plan.] 3

11. The elector of Texarkana, Arkansas on November 2, 1993 voted to approve 6-1 plan and 7-0 plan.

12. With the 6-1 plan, there are six ward with two being a majority minority ward; Ward 2 & Ward 3. Ward 2 the had a 55.75% Black and 40.39% White and Ward 3 had 67.75% Black and 30.51% white. From November 2 1993 until May 17, 1999 was the demographic profile for Ward 1 and Ward 2. This percentage were in place up to May 17, 1999 due to the city begin to annexation it adjacency outward boundaries. It's unknown that these boundaries were ever approved by this Court from a map review but it is doubtful that they were, due to their bizarre look from the start. The color exhibit (1) for each wards are: Ward 1 blue; Ward 2 dark blue; Ward 3 yellow; and Ward 4 green; Ward 5 orange and Ward 6 red. (Exhibit. 1) Arkansas Blvd. is the boundary for Ward 5 and Ward 6.

13. Furthermore that Ward 2 north east boundary on (Exhibit 1) clearly show Preston Avenue, a Collector Street was the boundary line between Ward 2 and Ward 3, since November 8, 1993 until May 16, 2002.

14. From May 17, 1999 to about December 18, 2000 the City of Texarkana, Arkansas Annex 23.04 Square Miles, 13,807 Acres, 1136 singles family home, 248 mobile homes, estimated population Count of 3688+/-. The Plaintiff was a member of the Texarkana Board of Director during this process and did not assert an objection. Later it is present known that this process is a major cause for the diluting of the black voter's voting strength for the current majority minority for Ward 2 and Ward 3.

15. The wards (after annexation) were as following two majority minority Ward 2, 38.65 % black and 40.33% white; Ward 3, 35.97 % black and 58.28% white. (Exhibit 2 & 3). (Please note there was not an election with this demographic profile figure).

16. After a redistricting workshop by members of the Texarkana Board of City Director on May 16, 2002 voted to adopt by a vote of 6-1 with the Plaintiff were the only board member not to vote for the wards redistricting in 2002. Later the Miller County Election Commission voted to adopt the wards redistricting map. The Plaintiff requested to be notifying when the Miller County Election Commission was too met in regard to the city ward redistricting. The were to speak in opposing in accepting the wards map. The Plaintiff can recall he was called by the city clerk about 10 minute prior to their meeting on the day of their (Miller County Election Commission) meeting. However the plaintiff did not attend the meeting to voice his concern(s). Due to the lack of timing notify.

## VI. FACTS

17. The constitution of the United Stated directs that the population be enumerated at least every ten year base on were the populated living in the U.S residing in housing unit, single and multi family units, and apartments at the state, county, municipality and other level down to the block group level.

18. The 2010 census data states that the population of the City of Texarkana, Arkansas is about 29,919. That the African American (black) population, is 9928, or 33%. The voting age population for black is 6,874 and white is 15,124 (Exhibit 4, 5)

19. 2010 Census Population (over/under) for each Ward 1 -360, Ward 2 -300, Ward -625, Ward 4 – 279, Ward 5 +773 and Ward 6, +802. This is base on divided 2010 Census Population 29919, (+ / – 5% varies) for each of the 6 ward +/- 5%. Each ward therefore needs to have a population of 4986, + - 5 % (249). (Exhibit 6, data bottom right corner)

20. The Miller County Election Commission is charged with the responsibility to drawing the ward boundaries for cities by state statues 14-61-109 - Determination of ward positions, by law though the state legislative.

> Ark. Code Ann 14-61-109, the country board of election commissioners of county has the responsibility to divide the territory of the city into the number of ward called for by the structure of government legally in place in the city and these wards or districts are to remain in place unless changed or modified by order of a court of competent jurisdiction. Once fixed by the county board of election commissioners, representatives for each ward and/or district are then elected.

21. Even though the Miller County Election Commissioners, Defendants did not take part in drawing any of the 6-1 ward boundaries in 2002 or the current 2010 ward boundaries. This action may be a

(collected shield /defense) among both parties (City of Texarkana, Arkansas & Miller County Election Commission, Defendants). However this District Court, from reading pass Order(s) did not direct (Order) the Texarkana Board of City Director to redraw the wards boundaries. This court can ruled that current ward approved city boundaries are unlawful. This is what the plaintiff is requesting and enjoins the Texarkana Board of City Director, Defendants from using the current ward boundaries in any future election. However by state statue this Court can only Direct (Order) the Miller County Election Commission to redraw the city wards boundaries as this Court Order in the reference Case No. 92-4001. After reading the (shell blame game) in the reference Case No. 92-4001 as for who the responsibly in drawing the City wards boundaries or who is responsibly for the unlawful acts. The first Order this District Court shall Direct both Defendants (City of Texarkana Arkansas & Miller County Election Commission) as a "Joint Partly" to the suit as previous Order Directed.

22. They (Miller County Election Commission) can not claim the they do not have the resource(fund) to assist them in drafting of the ward lines for each ward within the City of Texarkana when if fact they have recently draw ward line for the Miller County Justice of Peace. I believed at no cost.

23. On the October 31, 2011 was a redistricting work shop. The plaintiff was late arrival, questionable shall he even attend the workshop? (The Plaintiff became aware about on the October 28, 2011 that two board member had got together about a redistricting map and with plaintiff history as stated herein No. 8). There were two ward maps on a table. It's clearly shown there was a meeting of the mind between Mr. Williams and Mr. Jones as to Ward 2 boundaries. One was proposed by board member James Mike Jones dated October 20, 2011. (Exhibit 7). The other by Rev. Londell Williams dated October 17, 2011. (Exhibit 8) Mr. James Mike Jones stated reason the reason for the ward map he presented: because he wants to keep his friends in his ward that helped him get re-elected. "a bunch of people that helped me get

elected live in there, and they called and wanted to make sure they are in my ward.' The map other presented by Rev. Londell Williams that he want to kept his church that his daddy built. "You're going around trying to take the very church my daddy pastured for 43 years."(Exhibit 9 & 10 unedited video, DVD of the workshop on October 31, 2011). Verbatim minute will be added to the record.

24. The current redistricting plan for Ward 2, 51.40% black and 42.69% white and Ward 3, 53.62% black and 42.49% white. Also the City is claiming the are good percentage if you were to add other (Non- white, ethic background and (other) race are not identifying other than none white). 5.9 % for Ward 2, and Ward 3, 3.89%. (Exhibit 7) Both courts, the District Courts and the Supreme Court are silent on this matter with there has not been any ruling in this matter. The both of the majority minority wards boundaries can be lawful drawn to put both majority minority wards at 53 % equal, maximum their representative [responsibility] respectfully.

25. The Plaintiff **did not** physical bring a redistricting map to the workshop. He did find it strange for N. Wayne Smith, Mayor, to have a ward map there at the workshop with his name on it. He (plaintiff) had got off the phone with a GIS employee, Mrs. Terrie Rogers about 3:35 p.m. with the work shop being at 5:30 p.m. on the same day and therefore it were the intention of the plaintiff not to presents a redistricting map at city board meeting for vote nor didn't he bring or make any motion for to accept a redistricting map. After the mayor presented a map with the plaintiff name on it. The same one were had done over the phone and there were no way this could had been printed within the two hours time period. This was stated to the Plaintiff on the October 31, 2011 about 3:35 p.m. by Mrs. Rogers. After it was presented by the Wayne Smith, Mayor then Ward 3 representative Mr. Londell Williams began to put on his orchestrated side show. (Exhibit 9 & 10). About on October 6, 2011 the

plaintiff had requested that and redistricting ideal that the plaintiff had a part in to be save in digital format (PDF) only. Even though the plaintiff did about three presentations at the Texarkana Board of City Directors meeting on redistricting his goal were more or less to establish records since the last redistricting in 2002 had none in the official minute other than a vote.

26. The plan (Friendship\ Church) adopted ward boundaries (currently ward boundaries) by the Board of City Director by a vote of 5-2 on November 7, 2011. Standard traditional redistricting principles were not following in the drawing of the two majority minority ward. They are dramatically irregular shape. Each ward boundary other than Ward 2 (ward which the plaintiff current holds the position of) had about a four block 180 degree radius from each of their respected residents. Collected or recognized Streets (Exhibit 11) and natural boundary such as a creek were not used in drawing the boundary north east of Ward 2. Also Ward 2 and Ward 3 are not compact and contiguous. This action was also to taken out the majority minority voting precinct (Washington) out of the equation. (Exhibit 12) So it would have less of impacts in minority represent for Ward 2. Furthermore the Plaintiff fined it very odd that the plaintiff does not have the [responsibly] four street blocks north of his resident but represent [responsibly] about 18 blocks away (northwest). The City of Texarkana Arkansas, Board of Director ward boundaries are gerrymandering. (Exhibit 7).

> Plaintiff exhibit # eleven (11) is a list of Texarkana Arkansas Arterial and Collector Streets. The street the plaintiff states about Washington Street but is listed as a Collector Street. There are two section of Washington Street (residents and commercial \ industrial) the section that is listed on this sheet is the commercial/industrial section that is clearly notice on plaintiff exhibit # twelve (12). The Washington Street boundaries is a resident street that dead inn north east of Ward 2 and Ward 3 Boundaries. No "traffic count" has never been taken at this section of Washington Street which is a base for Arterial and Collector Streets. Further more is show that Preston Avenue is a Collector street where the boundaries shall have legal been. Due to the size of the paper needed for a better view and the District Court Rules, they will be submitted later if this Court approves the plaintiff motion for leaves of the District Court Rules on sizes of paper.

27. The address of each board member by ward are: Ward 1- Mrs. Ruth Davis, 2700 Forest Avenue; Ward 2- Laney Harris, Plaintiff, 2005 Stephanie; Ward 3- Mr. Londell Williams, 6 Preston Circle; Ward 4- Mr. Chad Dowd, 2201 Beach St; Ward 5- Mr. James Mike Jones, 3702 Evergreen Drive; Ward -5, Mrs. Sue Johnson, # 4 Lauren Drive; At- Large -Mr. N Wayne Smith, Mayor, 5706 Clearwood Trail all within Texarkana, Miller County, Arkansas.

> All the Texarkana Arkansas Board of City Director are being suited In their individually capacities and official capacities other than Ward 1 Representative, Mrs. Ruth Davis. However, she will be given notice of this action.

28. Within the City of Texarkana there are only about eleven (11) voting precincts however there are only two that are majority minority precinct Washington School (Washington) Precinct 87.97% black 9.37% white and Ozan Neighborhood Center (Ozan Ingram) precinct. 56.36% black, 40.90 % white, (Exhibit 12).

29. The social economic status for black of Ward 2 & Ward 3 are similar, however all the area of Ward 2 is 100% in the low to moderate income level. Other than Communy Development Block Grant (CDBG) funds, or some other grants, the City spend virtually any money in these area unless if it is northern area of the city. The City of Texarkana does not have a housing plan other than it's aggressively approach of demolition of old and lapidating houses.

> Even though the Plaintiff list mostly the social economic status of black (African American) in Ward 2 and Ward 3. The plaintiff is aware that white's live in similar siltation condition and he is aware of his responsible for the white area in the Ward 2 just as the black area of Ward 2. Which is shown by? His monthly report for work in Wards 2 and is not limit only to black area but he drives around the entire ward at least once a month. The plaintiff has been given the opportunity to server all the citizen both black and white. However he remains conscience of the condition of both area black and white. He has requested that CDBG funds for repaving of street & maintained through out all the area within Ward 2.

30. The Texarkana's Board of City Director has a history of racially polarizer voting for their director's elections. Blacks have historically voted in a politically cohesive bloc in support of the black candidates.

31. The single 6-1 member ward system of the current majority minority wards are at risk with the current lower than pre annexation percentage of black for the two minority majority ward, if not for incumbency, timing of the elections such as being centering around nation (president) and federal and state elections. The redistricting plan interacts with social and historical conditions to cause inequality in the opportunity of blacks voter to elect representatives of their choice as compared to white voters.

32. The plaintiff has became aware on the December 9, 2011 that a person has filed a Petition for Annexation, with a hearing will be schedule at the county on the January 19, 2012 at the Miller County Court House.

33. By the use of the current method of elections, the defendants deprived the plaintiffs and black voters of well defined and established rights to vote and to elect representatives of their choice to these positions.

34. The only at-large positions on the Texarkana Board of City Director presently has is the mayor position. The only person black to hold the mayor position is one of the defendants, however it is believed that this was done under the seven (7-0) system. Meaning that he was elected by and from the other six 6 board member. This may have been done to settle the case that was filing back in 1991 the plaintiff made reference to. However he (defendant, Mr. Williams) had run about three (3) times for the mayor position (at-large) since then as far as the plaintiff can recall but, has never held the position since then. The white majority votes sufficiently as a bloc to enable it—in the absence special circumstances usually to

to defeat the minority's preferred candidate. Also there is one Texarkana Arkansas Board of Education, District #7 school board position at-large that further show that white majority vote sufficiently as a bloc.

35. On November 15, 2011 the Miller County Election Commission (MCEC) met about 5:00p.m. to consider of adopting the City of Texarkana, Arkansan Board of Director wards boundaries. Members are Mr. Richard V Hall, Jr., Mrs. Elizabeth Janie Hicks, The Mr. Clinton S. Thomas, Chairman. . Also were present there were, N. Wayne Smith, Mayor, Defendant; Linda Crawford, Miller County Election Coordinator; David Orr, former Chair, MCEC former defendant, in reference Case No. 92-4001; and a person believed to be the Chief Baillie of the Miller County Court.  Mr. Clinton S. Thomas, Chairman first statement: We are only going to see that the number are right (while with a calculator started to punch numbers) and any other matter you have you is going to have to find another course of avenue for relief and we can not give you the relief that you were seeking. Then the Plaintiff stated: state statue 14-61-109 that you have the power to reject the Friendship\Church map and draw up the City wards boundaries yourself. Then the plaintiff stated I knew that you have read the newspaper about the Friendship/Church map and all MCEC members nodded said yes. Then the plaintiff gave each of them a map that were done that day dated November 15, 2011 with the GSI employee Mrs. Terri Roger With the plaintiff input. Then Mr. Hall stated about the same issues Mr. Thomas previous stated. The only person to speak were Mrs. Linda Crawford basely her comment were that the MCEC were only to check and make sure that the populations were correct for each wards any other matters were not within the scope of their duties as the way the City ward boundaries are drawn up. The entire MCEC voted to adopt The City of Texarkana Arkansas redistricting boundaries. However later on during the Democratic Central Committee Meeting, after show Mr. Hall the entire code Arkansas Code of Ann. 14-61-109 from the plaintiff cell phone then he (Mr. Hall) stated: "Yes you are right we shall have drawn the city boundaries I don't know if it would made a differ now, since we have voted".

## VII. CAUSE OF ACTION

36. Residential living patterns are racially segregated such that black residents of the city would comprise a majority in three(3) single member districts if the board of directors were to elected from eight (8) single member districts of equal population. Due to the manifested vote dilute by the annexation than cause the strength of the majority black ward to decreases.

> Arkansas law provides that the size of the board of directors of a city may be changed by ordinance of the board with two limitations: (a) the board must always contain at least five (5) members; (b) the board must always contain an odd number of members. Ark. Code Ann. 14-610-105

37. Do to the geographically population is compact of majority minority and the political cohesion that the minority share does establish that the minority has the potential to continue to elect a reprentative of its choice in single member district. With this being said and establish the minority political cohesion and majority bloc voting are being diluted by the annexation of a larger white voting population therefore the highest maximum percentage of the two majority minority ward can be Drawn at about fifty three (53%) each of the majority minority wards, district can be created, are politically cohesive.

> Due to the size need to be, more than 8/11 for the census tract map. The plaintiff will motion "leaves this Court" accept other size so that the numbers of each census tract can be fully readable. The current readable size of paper is not accepted by District Court rules. Therefore will be submitted later.

38. By state statute, Arkansas Code of Ann. 14-47-114, Director Not Compensated- Pre Diem; The Texarkana Board of City Director are not paid member of the City of Texarkana. Therefore any added members to the board will be with no cost to the City other than pre diem, if any.

39. The state legislator gave the authorize(responsible) to the Miller Country Election Commission to draw the ward boundaries for the Cities within the state of Arkansas. Steps of ensure fairness, **equal protection** (denial or abridgement of the right to vote) (with the same assessed to minority political elector precinct) **under the law**, were not apply to the plaintiff a related to drawing of the Ward 2 boundaries, The Miller Country Election Commission were given the authorizes more than just final approval. The Texarkana Board of City of Director shall have send all ward redistricting plan(s) to the Miller County Election Commission and let them had the final decision on which plan to adopt than only sending the City (unlawful) plan.

40. The next election for the positions under state law for the Texarkana Arkansas Board of City Director will be about on November 6, 2012. They will be for Ward 1, Ward 2, and Plaintiff's current position. and Ward 6. The deadline to file a petition I believed will be ninety days (90) from the day of the election, November 6, 2012. Further more from that day the deadline to files a petition will be about on the August 24, 2012 and to start a petition will be about on July 23, 2011 thirty (30) days from there. Therefore the plaintiff prays for this District Court to draw up (fashion) a plan by the date of June 1, 2012 as in Wise, 437 U.S. 540, 98 S. CT at 2497.

41. At all times relevant herein the Defendants have acted under color of State law.

42. The current City of Texarkana, Arkansas redistricting plans are gerrmanding in violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution therefore unconstitutional.

43. There is not any law or provision that a ward redistricting boundaries can be base any building, not even such as a church. If so, the plaintiff content it would be in violation of the separation between church and state doctrine in regards to First Amendment of the U.S. Constitution, as the current City of

Texarkana Board of Director boundaries are base on, therefore is unconstitutional.

44. The current City of Texarkana Arkansas redistricting plans result in a denial or abridgement of the rights to vote of individual plaintiffs and plaintiff's members on account of their race, color, or Ethnicity by having effect of canceling out or minimizing their individual voting strength as minorities. The current redistricting plan do not afford individual plaintiffs and plaintiffs members an equal opportunity to participate in the political process and election representatives of their choice, and denies individual plaintiffs and plaintiff's members the right to vote in election without distinction of race, color or previous condition of servitude in violation of 42 U.S.C. Section 1973.

> The pro se plaintiff is aware that he has an up hill road to climbs that he must prove the element(s) within the case law of Thornburg v. Gingles which are the "necessary preconditions" for plaintiffs to prevail in vote dilution action under Section 2. However there is hope with the Shaw V. Reno but for the opposing reasons not along 1st Amendment (separation of church and state doctrine). According to Miller v. Johnson to create majority minority districts that withstand a challenge under Shaw plan, drawer should avoid district that "substantia[ly] disregard customary traditional redistricting principles." The Supreme Court and lower court have identified a variety of factors such as compactness, contiguity respect for political subdivision respect for communities of interest and protection of incumbents and other political factor as traditional redistricting principles Shaw v. Hunt 517 U.S. 899 116 S CT 1894 135L Ed 2d 207 (1996)

## VIII. RELIEFS

45. This action is for declaratory and injunctive relief declaring unlawful and enjoining the continued use of the current wards boundary for the Texarkana City Board of Directors in the City of Texarkana, Arkansas. The relief sought is predicated upon defendant's violation(s) of the effects provision of the Voting Rights Act, 42 U.S.C. Section 1973 as amended, Due Process, Equal Protection clause of the 14th Amendment, of the United States Constitution and 1st Amendment

(separation of church and state doctrine) and 42 U.S.C. Section 1983. The City of Texarkana, Arkansas Board of City Director ward boundaries (redistricting) was created without in regard to standards and customarily considered in redistricting, such as compactness, contiguity, geographical boundaries, and for political subdivisions(voting precinct). The City of Texarkana's Arkansas ward boundaries are gerrymandering (unlawfully) and or unconstitutional (unlawfully). The Texarkana's, Arkansas Board of City Director wards boundaries is so irrational on its face that it can only be understood as an effort to segregate voters into separate voting but not equal because of their race. To enjoin the City of Texarkana, Miller County, Arkansas for wards boundaries to a pre clearance status before this District Court and or Section 5 status for the next three enumerated.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this matter be advanced on the Court's docket and thereafter that his Court:

a.  Assume Jurisdiction of the action;

b.  Declare whether or not that the 6-1 Wards election wards of the Board of Directors violate Orders of the Courts;

c.  Declare 6-1 election wards of board of directors violate the Voting Rights Act, 42 U.S.C. Section 1973 as amended;

d.  Declare that the current Ward boundaries for the election of city directors dilute the voting strength of black voters in Texarkana, Arkansas;

e.  Declare that the current Ward boundaries for the election of the Texarkana Arkansas Board of City Directors violate Due Process Clause, Equal Protection Clause of the 14th Amendment of the Constitution;

f.  Declare that the current City of Texarkana ,Arkansas Ward boundaries are gerrymandering unlawful and that unlawful standard and equal principles were not applied as related to: traditional redistricting principle, geographical compact and equal access the political and electoral process;

g.  Declare that the current Ward boundaries for the election of the Texarkana Arkansas Board of City Directors violate 1st Amendment (separation of church and state doctrine);

h.  Permanently enjoin the defendants from calling, holding supervising or certifying any elections under the Current City of Texarkana, Arkansas Board of Directors redistricting plan elections;

i.  Declare that the City of Texarkana, Miller County, Arkansas Ward Boundaries is hereby subjected to pre clearance status before Court before they are use in any future elections;

j.  Declare that the City of Texarkana, Miller County, Arkansas, is hereby subjected to Section 5 status. That pre clearance is before this Court and or U.S. Department of Justice before they are use in any future elections;

k.  Retain jurisdiction to render any and all further order that this Court may from time to time deem appropriate;

l.  Enjoin the defendants to develop for Court approval, in consultation with plaintiff, An election system (ward boundaries) six (6) one (1) or eight (8) one (1) which maximizes and equal (percentage of

black) the opportunity of black voters to elect representatives of their choice to the Texarkana Board of City Directors that utilizes customary traditional redistricting principles;

m.  With remedy included but not limited to an 8-1 plan for any of the proven unlawful acts the Defendants(s) the Plaintiff have stated herein this complaint;

n.  Set a reasonable deadline for the defendant that has the authorities to enact or adopt redistricting plans for the City of Texarkana Arkansas Board of Director wards that do not dilute cancel out or minimize the voting strength of African American voters. Furthermore the plaintiff is requested if the legislative body does propose a remedy in place by June 1, 2012 then this District Court must fashion a remedial plan;

o.  Issues a declaratory judgment finding that the current City redistricting plans are gerrymandering, illegally dilute the voting rights of protected class voters and is unlawful, null and void;

p.  Plaintiff have no adequate remedy at law other than the judicial relief stated herein, unless the Defendants are enjoined from using the current redistricting plans, individual plaintiff and the plaintiffs' members will be irreparably harmed by the continued violation of his statutory and constitutional rights; and

q.  Grant any and all further relief to which the Plaintiffs may show to be entitled; and adjudge all cost against Defendant, including reasonable attorney's fee if and when the plaintiff is able to find one.

The plaintiff further prays for his costs, including reasonable attorney fees, if and when plaintiff is able to find one.

The Plaintiff has contacted and spoken with Mr. John W. Walker, PA. a well known establish civil rights attorney. Mr. Walker was Mr. Williams, plaintiff attorney in the reference Case No. 92-4001. The plaintiff made him (Mr. Walker) aware that his formal client Mr. Williams is now (will be) the Defendants before any matters about the case were discussed. For him (Mr. Walker) to try to represent the Plaintiff will be a "conflict of interest". The plaintiff is aware the present City of Texarkana, Arkansas, Attorney Mr. Ned Stuart did became the leading attorney for the "City" Defendants in Case No. 92-4001. Now that Mr. William is a Defendants with the City "In His Official Capacities". The same "conflict of interest" applies for Mr. Stuart the current City of Texarkana Attorney as in much for Mr. Walker.

DATED:   December 26, 2011                                      Respectfully submitted,

                                                                *Laney Harris*
                                                                Laney Harris (pro se)
                                                                2005 Stephanie
                                                                Texarkana, AR 71854