IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY HARRIS                                                                                           PLAINTIFF

           v.                          Civil No. 4:11-CV-04124

CITY OF TEXARKANA, ARKANSAS;
N. WAYNE SMITH; N. WAYNE SMITH (MAYOR);
LONDELL WILLIAMS; CHAD DOWD;
JAMES MIKE JONES; SUE JOHNSON;
CLINTON S. THOMAS; RICHARD V. HALL JR.;
and ELIZABETH J. HICKS                                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Laney Harris filed this case *pro se* on December 15, 2011.  ECF No. 1.  Now before the Court is Plaintiff's Motion for Leave of Court to File Second Amended Complaint. ECF No. 37.  Defendants did not respond.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this motion to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

Plaintiff filed his original Complaint on December 15, 2011.  ECF No. 1.  On December 29, 2011, Plaintiff filed his Amended Complaint.  ECF No. 3.  As Plaintiff proceeds *pro se*, the Court ordered service on Defendants Chad Dowd, Richard V. Hall, Jr., Elizabeth J. Hicks, Sue Johnson, James Mike Jones, N. Wayne Smith, N. Wayne Smith (mayor), City of Texarkana

Arkansas, Clinton S. Thomas, and Londell Williams on December 29, 2011. Defendants filed an Answer to Plaintiff's Amended Complaint on January 17, 2012. ECF No. 14.

The parties filed their Joint Report of Rule 26(f) Planning Meeting on January 16, 2014. ECF No. 38. The Court then entered a Final Scheduling Order on January 22, 2014 scheduling a bench trial in this matter for September 29, 2014 and ECF No. 39.

Pursuant to the Final Scheduling Order, all motions to amend pleadings or join parties were to be filed sixty (60) days before the close of discovery and the discovery deadline was June 1, 2014. ECF No. 39.

## II. APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See*

*Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

### III. DISCUSSION

In Plaintiff's Motion for Leave to Amend, he requests the Court grant him leave to amend his Amended Complaint in order to (1) add issues of "fact of pleading requirement about the "City" policy, custom and practice . . . based on case law;" (2) "[c]orrect type written errors and to rewrite the complaint with plain and simple language with short direct facts;" and (3) to "replace the video (DVD) with verbatim minute." Plaintiff then notes this amendment "at most are clarify the wording of the amend complaint . . . ." ECF No. 37 (errors in original).

The Court finds granting Plaintiff leave to amend at this late date and on the eve of trial would unduly prejudice Defendants. Plaintiff is not entitled to unlimited amendments to his Complaint or First Amended Complaint. *Zenith Radio Corp.,* 401 U.S. at 330–32.

Further, Plaintiff's proposed amendments are futile. Plaintiff states in his Motion that his proposed amendments are nothing more than to clarify the wording of his Amended Complaint, add case law, and replace a DVD with the transcript of the DVD. Plaintiff's proposed amendments do not seek to add any additional parties, facts, or claims to this action and are nothing more than duplicative claims of those made in his Amended Complaint. *See Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (duplicative and frivolous claims are futile, and leave to amend may be denied based on futility of the amendment)

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No. 37) be **DENIED**.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 22nd day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE